IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT W. P., JR.,[1] | 3:19-cv-01209-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

JENNA L. MOONEY
Davis Wright Tremaine, LLP
1300 S.W. Fifth Ave., Ste. 2400
Portland, OR  97201
(503) 241-2300

DANIEL S. JONES
Law Offices of Charles E. Binder and Harry J. Binder, LLP
485 Madison Ave., Ste. 501
New York City, NY  10022
(212) 677-2196

    Attorneys for Plaintiff

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**KATHERINE WATSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

   Attorneys for Defendant

**BROWN, Senior Judge.**

  Plaintiff Robert W. P., Jr. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

  For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On December 9, 2015, Plaintiff protectively filed his application for DIB benefits. Tr. 303.[2] Plaintiff alleges a disability onset date of September 19, 2008. Tr. 303, 491. Plaintiff's "date last insured" (DLI) for disability purposes was December 31, 2013. Tr. 303. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on June 5, 2018. Tr. 320-52. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On September 6, 2018, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 303-15. Plaintiff requested review by the Appeals Council. On June 7, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. See *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On August 5, 2019, Plaintiff filed a Complaint in this

---

[2] Citations to the official Transcript of Record (#10) filed by the Commissioner on January 14, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

Court seeking review of the Commissioner's decision.[3]

## BACKGROUND

Plaintiff was born on September 27, 1972. Tr. 314, 491. Plaintiff was 41 years old on December 31, 2013, Plaintiff's DLI. Tr. 314. Plaintiff has a high-school education and attended two years of college. Tr. 314, 529. Plaintiff has past relevant work experience as a fast-food crew trainer, customer-service representative, computer-manufacturing manager, and computer repairer. Tr. 530.

Plaintiff alleges disability due to Post-Traumatic Stress Syndrome (PTSD), knee injury, migraines, brain injury, short-term memory problems, Chronic Obstructive Pulmonary Disease (COPD), lower-back injury, and intermittent blindness. Tr. 354-55.

Except as noted, Plaintiff does not challenge the ALJ's

---

[3] The Court notes Plaintiff's Opening Brief (#16) is 30 pages and Defendant's Response Brief (#17) is 22 pages. Social Security Practice Local Rule (LR) 4000-4 requires briefs over 20 pages to have a table of contents and a table of cases. Neither parties' briefs comply with this Local Rule. In addition, Plaintiff's Opening Brief (#16) and Reply Brief (#18) do not have footers as required by LR 10-1(e). The Court admonishes counsel to comply with this Court's Local Rules in future filings.

4 - OPINION AND ORDER

summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 310-13.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony

of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity from September 19, 2008, Plaintiff's alleged disability onset date, through December 31, 2013, his DLI.  Tr. 306.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, migraine headaches, lumbago, anxiety, left-knee condition, and general binocular disorder.  Tr. 306.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 307.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; can occasionally crouch, kneel, crawl, and stoop; can perform work involving frequent "near acuity"; can work indoors in environments that involve normal office light; and can perform

work involving occasional contact with the general public. Tr. 309.

At Step Four the ALJ concluded he was not able to make any specific finding regarding Plaintiff's ability to perform his past relevant work based on the insufficiency of the evidence. Tr. 314.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as cleaner/housekeeper, routing clerk, and office helper. Tr. 315. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 315.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony and (2) failed to provide legally sufficient reasons for discounting the opinion of Morad Daniel, M.D., Plaintiff's treating physician. Plaintiff also contends the ALJ was not properly appointed pursuant to the Appointment Clause of Article II of the United States Constitution.

**I.   The ALJ properly discounted Plaintiff's symptom testimony.**

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons for discounting Plaintiff's symptom

testimony regarding the limiting effects of his migraine headaches.

### A.  Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.

"First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about

11 - OPINION AND ORDER

the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)(same).  General assertions that the claimant's testimony is not credible are insufficient.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

    **B.    Analysis**

Plaintiff testified reading for a long time, brightness, and reflection trigger his migraine headaches. Tr. 324-25.  In March 2012 Plaintiff withdrew from one of his college classes due to vision problems and headaches.  Tr. 1746. In May 2013 Plaintiff reported daily headaches.  Tr. 2164.

The ALJ found Plaintiff's testimony regarding his migraines was inconsistent with his activities and did not comport with the objective evidence.  Tr. 310-12.  The ALJ also found Plaintiff's symptoms improved with treatment, that Plaintiff demonstrated inconsistent effort, and that Plaintiff was a questionable historian.  Tr. 310, 713.  For example, despite migraines and visual difficulties Plaintiff continued to

attend Portland Community College until September 2013 and maintained a 3.73-4.0 grade-point average. Tr. 310-11, 666, 1592. In addition, Plaintiff worked as a records clerk for 10-35 hours a week through a work-study program. Tr. 311, 666. Dr. Daniel, Plaintiff's treating physician, also attributed Plaintiff's chronic headaches to Plaintiff's daily use of Tylenol. Tr. 2164.

As noted, the medical records show Plaintiff's migraines improved with treatment. Tr. 312. For example, although Plaintiff alleged his migraines became severe in October 2012, he subsequently reported in September 2013 that both the frequency and severity of his migraines had "improved significantly." Tr. 2076. In January 2014 Plaintiff also switched migraine medications and again reported improvement. Tr. 2087. In November 2013 Dr. Daniel noted Plaintiff's symptoms could actually be the result of panic attacks or unresolved PTSD rather than migraine headaches. Tr. 2082.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's symptom testimony and found it was not fully credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

13 - OPINION AND ORDER

**II.   The ALJ properly considered the opinion of Dr. Daniel.**

Plaintiff contends the ALJ erred when he discounted the medical opinion of Dr. Daniel, Plaintiff's treating physician.

**A.   Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence."  *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.*  When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight."  *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An ALJ can satisfy the "substantial evidence" requirement by

14 - OPINION AND ORDER

"setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Id.* (citation omitted).

**B.   Analysis**

In May 2018 Dr. Daniel completed a questionnaire regarding the severity of Plaintiff's migraines and functional capacities.  Tr. 1989-92.  Dr. Daniel opined Plaintiff had severe migraines three or four times per week lasting eight-to-twelve hours.  Tr. 1991.  Dr. Daniel stated Plaintiff is unable to tolerate bright lights and computer screens, Plaintiff can tolerate only occasional exposure to "near acuity," Plaintiff's concentration is impaired 40-to-50 percent of the workday, Plaintiff could miss at least two workdays a month due to his headaches, and Plaintiff's limitations existed before December 31, 2013.  Dr. Daniel also noted Plaintiff could not read, write, drive, or perform computer work while experiencing a migraine headache.  Tr. 1991-92.

The ALJ gave "partial weight" to Dr. Daniel's opinion on the grounds that the degree of limitation found by Dr. Daniel

15 - OPINION AND ORDER

did not exist by Plaintiff's DLI because Plaintiff was still able to read, to use the computer, and to exercise. The ALJ noted Plaintiff attended school until September 2013, held a work-study job, and cared for his mother. Tr. 313. The ALJ also concluded the degree of limitation expressed by Dr. Daniel was not supported by the medical records. Tr. 313. For example, imaging did not show any abnormalities that would account for Plaintiff's headaches, and, as previously noted, Dr. Daniel questioned whether Plaintiff's headaches were psychosomatic. Tr. 312, 2085-85, 2079. In fact, in September 2013 Dr. Daniel reported he hoped Plaintiff would resume school with continued visual therapy and new corrective lenses even though Plaintiff's coursework required considerable time on the computer, "near visual acuity," and concentration. Tr. 666, 2064, 2089, 2191.

      The Court concludes on this record that the ALJ properly gave only partial weight to the opinion of Dr. Daniel and provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### III. **Plaintiff did not timely assert his Appointments Clause challenge.**

Plaintiff contends the ALJ was not constitutionally appointed at the time of the hearing, and, therefore,

Plaintiff's claim was not properly adjudicated.

### A. Standards

"Officers of the United States" may be appointed "[o]nly by the President, a court of law, or a head of a department." United States Constitution, art. II, § 2, cl. 2. A constitutional challenge under the Appointments Clause is "nonjurisdictional," and a party may forfeit such a challenge by failing to raise it timely. *Freytage v. Comm'r*, 501 U.S. 868, 878-79 (1991). The Ninth Circuit has held a claimant must exhaust all issues before the ALJ in order to preserve such issues for judicial review. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). *See also Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal"). A petitioner forfeits an issued based on the Appointments Clause when he fails to raise it before the agency. *Kabana & Co. v. SEC*, 733 F. App'x 918, 919 (9th Cir. 2018) (citing *Lucia v. SEC,* 138 S. Ct. 2044, 2055 (2018)).

### B. Analysis

Plaintiff concedes he did not assert the Appointments Clause issue during the administrative process, but he argues he

17 - OPINION AND ORDER

was not required to do so.  Plaintiff relies on *Cirko v. Commissioner of Social Security*, 948 F.3d 1048 (3rd Cir. 2018), to excuse his failure.  Plaintiff also contends the ordinary rules of waiver do not apply in Social Security proceedings and that objections to an ALJ's decision can be made on any ground for the first time in the district court even if those objections were not raised before the Appeals Council.  *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).

In *Cirko* the Third Circuit concluded the claimant was not required to exhaust his Appointments Clause challenge at the administrative level, and, therefore, the claimant was not precluded from raising the issue for the first time before the district court.  948 F.3d at 159.  *Cirko*, however, is not binding precedent on this Court.

Although the Supreme Court stated in *Sims* that claimants need not "exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues," the Court explicitly pointed out that "[w]hether a claimant must exhaust issues before the ALJ is not before us." 530 U.S. at 107, 111.  District courts in the Ninth Circuit have not extended *Sims* to permit a litigant to raise an issue in federal court that have not been first presented to the ALJ.

18 - OPINION AND ORDER

*See, e.g., Dierker v. Berryhill*, No. 18cv145-CAB(MSB), 2019 WL 246429, at *4 (S.D. Cal. Jan. 16, 2019), *report and recommendation adopted*, 2019 WL 446231 (S.D. Cal. Feb. 5, 2019); *Byrd v. Berryhill*, No. 1:17-cv-01619-SKO, 2019 WL 95461, at *6 n.10 (E.D. Cal. Jan. 3, 2019); *Samuel F. v. Berryhill*, No. CV 17-7068-JPR, 2018 WL 5984187, at *2 n.6 (C.D. Cal. Nov. 14, 2018).  Thus, the Ninth Circuit and several district courts in the Ninth Circuit, applying *Sims, Shaibi,* and *Meanel*, have required a claimant to raise all issues at the administrative level before asserting the issue to the district court.  *See Jason D. v. Saul*, No. 3:19-CV-00176-SLG, 2020 WL 1816470, at *15-16 (D. Ak. Apr. 10, 2020).

Accordingly, the Court concludes Plaintiff forfeited the Appointments Clause issue by failing to raise it during his administrative proceedings.

**IV. The ALJ's failure to make a finding at Step Four is harmless error.**

As noted, the ALJ did not make a finding at Step Four regarding Plaintiff's ability to perform his past relevant work on the grounds that there was insufficient evidence.  Tr. 314.

In *Reynolds v. Astrue*, 252 F. App'x 161, 165 (9th Cir. 2007), the court held although the ALJ erred when he failed to make specific findings at Step Four regarding the plaintiff's

19 - OPINION AND ORDER

past relevant work, the error was harmless because the ALJ properly concluded at Step Five that the plaintiff could perform other work in the national economy.

Here Plaintiff did not assert the ALJ erred when he failed to make a finding at Step Four regarding Plaintiff's ability to perform his past relevant work.  In any event, pursuant to *Reynolds* the ALJ's failure to make a finding at Step Four is harmless error because the ALJ concluded in Step Five that Plaintiff could perform other work in the national economy. Plaintiff does not challenge the ALJ's finding at Step Five.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 25th day of August, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

20 - OPINION AND ORDER